UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

JOHN WILLIAM AULT,

     Plaintiff,

v.

HUNTER HERSHEY, ET AL.,

     Defendants.

Civil Action No. 5:23-219-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

John William Ault is a pretrial detainee at the Fayette County Detention Center in Lexington, Kentucky.  Proceeding without a lawyer, Ault filed a civil rights complaint with this Court.  [R. 1].  Ault also filed a motion for leave to proceed *in forma pauperis* [R. 3], as well as a certificate of inmate account statement [R. 4].

The Court reviewed Ault's fee motion and account statement and entered a deficiency order.  The Court explained that Ault's financial information was not recent,[1] as required by federal law.  [*See* R. 5 (citing 28 U.S.C. § 1915(a)(2))].  Therefore, the Court directed Ault to either pay the full filing and administrative fees or file new forms containing more recent financial information, and it gave him 30 days to do so.  [*See* R. 5].  The Court then warned Ault that if he failed to cure the relevant deficiency within the time allotted, it would dismiss his case without prejudice.  [*See id.*].

---

[1] Similarly, Ault's complaint was dated January 23, 2023 [*see* R. 1 at 18], almost six months before it was docketed with this Court.  It is not clear why Ault's complaint was apparently completed months ago yet only recently filed.

The foregoing time period has come and gone, and Ault still has not completed and filed updated financial information in support of his request for pauper status. Therefore, consistent with the Court's prior order and § 1915, this action is subject to summary dismissal.

Ault's complaint is also subject to dismissal for a second, independent reason: as currently drafted, it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). As best as the Court can tell, Ault is primarily attempting to assert denial-of-access-to-the-courts claims against multiple detention center employees. However, the United States Court of Appeals for the Sixth Circuit has made it clear that to plead a First Amendment "access-to-court claim, a plaintiff must allege *actual prejudice* to pending or contemplated litigation challenging the prisoner's conviction or conditions of confinement." *Thomas v. Dickson*, No. 18-2317, 2019 WL 6005487, at *2 (6th Cir. 2019) (emphasis added) (citations omitted). The Sixth Circuit has further explained that, to plead prejudice, the plaintiff must "identify a nonfrivolous, arguable underlying claim that the defendants' actions prevented him from pursuing." *Id.* (quotation marks and citation omitted). In other words, "an access-to-court claim is, in essence, 'a case within a case,' and the plaintiff therefore must allege 'the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.'" *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011)).

Here, Ault has certainly alleged numerous facts related to interference. For example, Ault repeatedly complains about being denied access to office supplies, as well as the law library at the detention center. [*See* R. 1]. Ault also suggests that prison officials have refused to provide him with grievance forms. [*See id.*]. These are just a few of the allegations that Ault puts forth in his complaint. [*See id.*]. The problem, however, is that Ault has not clearly described the nature of his

2

underlying claims—i.e., those claims that he intends to pursue either in his ongoing criminal case[2] or in a separate civil action—and he certainly has not alleged either the law or facts sufficient to establish the merits of whatever claims he does want to pursue.  Thus, as presently drafted, Ault's complaint is simply insufficient.

The Court has also reviewed the remainder of Ault's pleading, but, as best as it can tell, he has not stated any other claim upon which relief may be granted.  For example, Ault appears to object to the alleged search and seizure of another inmate's thumb drive [*see* R. 1 at 9-10], but he does not explain in any clear way how that matter involves a violation of his own constitutional rights.  Plus, while Ault suggests that the defendants violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as other sources of federal law [*see id.* at 11-14], his pleading does not clearly state a legal claim under any of these provisions.  And since the Court is dismissing Ault's various federal claims without prejudice, it will decline to exercise supplemental jurisdiction over any state law claims he attempts to assert.  *See Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Accordingly, it is **ORDERED** that:

1.  Ault's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2.  This action is **STRICKEN** from the Court's docket.

3.  The Court will enter a corresponding Judgment.

---

[2] The Court takes judicial notice of the publicly available docket sheet in Ault's underlying criminal case.  *See Commonwealth v. John Ault*, No. 22-CR-00683 (Fayette Cir. Court 2023).  In that case, state prosecutors have charged Ault with multiple counts of sexual abuse of a minor, among other alleged crimes, and the matter is set for a status hearing later this month, on September 14, 2023.  *See id.*.  Ault is represented by an attorney in the case, and he has filed multiple pretrial motions.  *See id.*

This 6th day of September, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY